UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KYLE WALTMEYER,

        Petitioner,              Case Number: 2:10-CV-14071

v.                                     HONORABLE ARTHUR J. TARNOW

J. S. WALTON,

        Respondent.
                                            /

**OPINION AND ORDER (1) GRANTING IN PART RESPONDENT'S "MOTION TO HOLD BRIEFING IN ABEYANCE OR TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE" AND (2) DENYING PETITIONER'S "MOTION FOR SUMMARY JUDGMENT" AND "MOTION TO PROCEED WITH § 2241"**

Petitioner Kyle Waltmeyer has filed a pro se habeas corpus petition. Waltmeyer is a federal prisoner presently incarcerated at the Federal Correctional Institution in Milan, Michigan. The petition, filed under 28 U.S.C. § 2241, challenges the results of a disciplinary proceeding. Before the Court are Respondent's Motion to Hold Briefing in Abeyance or to Dismiss Petition for Writ of Habeas Corpus Without Prejudice and Petitioner's Motion for Summary Judgment and Motion to Proceed With 2241.

**I.**

Waltmeyer is serving a 120-month sentence, imposed by the United States District Court for the Western District of Missouri, for drug conspiracy exceeding 500 grams. In his petition, Waltmeyer challenges the results of a prison disciplinary proceeding regarding conduct while Waltmeyer was incarcerated at the United States Penitentiary, Leavenworth, Kansas.

On December 23, 2009, a correctional officer found several pieces of contraband, including a cell phone, in the prison camp garage. One of the phone numbers found on the cell phone matched an approved phone number listed on Waltmeyer's Inmate Telephone System account.

Following a disciplinary proceeding, Waltmeyer was found guilty of possession of a hazardous tool (cell phone) (a code 108 greatest severity prohibited act). *See* Disciplinary Hearing Office Report, attached as Exhibit B to petition. Waltmeyer was sanctioned with loss of 41 days good conduct time, 60 days of disciplinary segregation, 60 days loss of commissary and visiting privileges, 180 days loss of telephone privileges, and a recommended transfer to a higher security level institution. *See id.*

Waltmeyer appealed the DHO's decision to the Regional Office, which affirmed the decision. *See* Regional Administrative Remedy Appeal, attached as Exhibit D to petition. Waltmeyer filed an appeal to the Central Office for Inmate Appeals. Title 28 C.F.R. § 542.18 specifically provides that the BOP Central Office has forty days in which to issue a response to an appeal. On July 20, 2010, the Central Office notified Waltmeyer that additional time (until August 7, 2010) was needed to respond to his appeal.

On October 6, 2010, Waltmeyer filed the pending habeas petition. At that time, a response to his Central Office appeal had not been issued. Waltmeyer raises these claims: (i) due process violation; (ii) insufficient evidence; and (iii) DHO based its finding of guilt on an incorrect prison regulation.

Two months after Waltmeyer filed his habeas petition, on December 16, 2010, the Central Office for Inmate Appeals issued a response to Waltmeyer's appeal. The Central Office

granted the appeal because the office had "concerns with this DHO hearing." *See* Central Office Administrative Remedy response, attached as Exhibit 2 to Respondent's Motion.

On January 26, 2011 the DHO conducted a rehearing. The DHO found Waltmeyer guilty of conduct which disrupts or interferes with the security or orderly running of the institution or the Bureau of Prisons. *See* Discipline Hearing Officer Report of Rehearing, attached as Exhibit 3 to Respondent's Motion.

Respondent then filed a Motion to Hold Briefing in Abeyance or to Dismiss Petition for Writ of Habeas Corpus Without Prejudice because Waltmeyer has not exhausted his Administrative remedies after the rehearing.

## II.

A federal habeas corpus petitioner must exhaust administrative remedies before seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981) The exhaustion requirement allows "the Bureau of Prisons . . . the opportunity to consider the application of its policy to [a prisoner's] claim before the matter is litigated in the federal courts." *Urbina v. Thoms*, 270 f3d 292, 295 n.1 (6th Cir. 2001) (internal quotation and citation omitted). The petitioner bears the burden of establishing exhaustion. *Prather v. Rees*, 822 F.2d 1418, 1420, n.3 (6th Cir. 1987).

Waltmeyer has not appealed the result of the rehearing. An administrative remedy is available for him to challenge the rehearing under 28 C.F.R. § 542.10-542.16. *See Alton v. Bogan*, 1995 WL 364184 (6th Cir. June 16, 1995). A prisoner may submit a complaint to institutional staff. If the problem is not resolved, 28 C.F.R. § 542.13(a) & (b) allows a prisoner to file a formal request for administrative remedy with the warden of the prison. Thereafter, a

prisoner may file an appeal to the Regional Director and General Counsel in the central office. 28 C.F.R. § 542.14.

While a formal administrative remedy request to the Warden generally must be filed within 20 days from the date of the event grieved, the time limit may be extended if the prisoner demonstrates a "valid reason for delay." *Id.* "If a habeas corpus court were to allow a prisoner to simply wait until the time prescribed by the regulations for filing his appeal has expired and then file a petition for a writ of habeas corpus which a habeas corpus court would consider, . . . the doctrine of exhaustion of administrative remedies would be circumvented." *Marchesani v. U.S. Parole Comm'n*, 1991 WL 153131, *2 (6th Cir. Aug. 12, 1991). If a prisoner is unable to obtain an administrative remedy because of his failure to appeal in a timely manner, then the petitioner has procedurally defaulted his habeas corpus claim. *See Engle v. United States*, 26 Fed.Appx. 394, 396 (6th Cir. 2001). To excuse the procedural default, Waltmeyer would need to show cause and prejudice for the default. *Id.* Thus, Waltmeyer should attempt to exhaust his administrative remedies because the Warden may, in his discretion, allow Waltmeyer to file a late appeal and address the merits of his claims. *See* 28 C.F.R. §542.14. If the Warden allows the late appeal and Waltmeyer exhausts his administrative remedies in accordance with the relevant regulations, he will avoid application of procedural default's cause and prejudice standard if he returns to federal court.

Respondent asks the Court to either stay the habeas proceedings or dismiss the petition without prejudice. A federal district court may stay a habeas petition to allow a petitioner to properly exhaust his claims and then return to federal court on his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited

circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277. In this case, the timeliness of a future petition will not be jeopardized if the petition is dismissed and Waltmeyer has failed to show good cause for failing to exhaust his administrative remedies. Therefore, the Court will dismiss the petition without prejudice.

### III.

**IT IS ORDERED** that Respondent's Motion to Hold Briefing In Abeyance or to Dismiss Petition for Writ of Habeas Corpus Without Prejudice is **GRANTED IN PART AND DENIED IN PART**. The petition is **DISMISSED WITHOUT PREJUDICE**; the request to hold the petition in abeyance is **DENIED**.

**IT IS FURTHERED ORDERED** that Petitioner's Motion for Summary for Summary Judgment and Motion to Proceed With § 2241 are **DENIED AS MOOT.**


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: July 20, 2011

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on July 20, 2011, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary